UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRES GOMEZ-GUTIERREZ,<br><br>Defendant. | Case No. 5:14-cr-00400-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**<br><br>Re: Dkt. No. 22 |

Defendant Andres Gomez-Gutierrez ("Defendant") moves to dismiss the indictment for an alleged violation of his Sixth Amendment right to a speedy trial. After considering the pleadings and the arguments of counsel at the hearing on March 7, 2016, the court denied Defendant's motion and stated its findings and reasons on the record. The order formalizes the court's findings and reasons.

**I.   BACKGROUND**

On February 7, 2013, the Government filed a complaint charging Defendant with a violation of illegal reentry following deportation in violation of 8 U.S.C. § 1326. At that time, Defendant was in custody in Monterey County after having been arrested for drug and firearms violations in violation of California law.

On September 25, 2013, Defendant pled guilty in state court to one felony violation of possession of a firearm by a convicted felon. He was sentenced on the same day to six years in

1
Case No.: 5:14-cr-00400-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

state prison. While Defendant was in state custody, the United States Immigration and Customs Enforcement ("ICE") lodged an administrative detainer as to the Defendant. The Government, however, did not lodge a criminal detainer against Defendant.

On July 30, 2014, a federal grand jury indicted Defendant on a § 1326 violation. The Government then petitioned for a writ of habeas corpus ad prosequendum, which writ issued on March 10, 2014. Defendant made his first appearance in federal court on April 3, 2015.

Since his arraignment, there have been seven continuances of the case with exclusions of time under the Speedy Trial Act, 18 U.S.C. § 3161, for effective preparation of counsel.

The present motion was filed on January 7, 2016.

## II.    DISCUSSION

Defendant believes the delay between the filing of the complaint and his first appearance in federal court violated his Sixth Amendment right to a speedy trial. He argues this violation will cause him actual prejudice because his state conviction, having occurred post-complaint and pre-indictment, will increase the criminal history category utilized in the instant action.

The Sixth Amendment "guarantees that, in criminal prosecutions, the accused shall enjoy the right to a speedy trial." Doggett v. United States, 505 U.S. 647, 651 (1992). But though guaranteed, "the right to speedy trial is a more vague concept than other procedural rights." Barker v. Wingo, 407 U.S. 514, 521 (1972). "As a consequence, there is no fixed point in the criminal process when the State can put the defendant to the choice of either exercising or waiving the right to a speedy trial." Id. Instead, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." Id. at 522.

The United States Supreme Court has provided a balancing test to examine potential Sixth Amendment violations which "compels courts to approach speedy trial cases on an ad hoc basis." Id. at 530. The test encompasses four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Id. None of the factors are "either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." Id. at 533. They are related and "must be considered together with such other

2
Case No.: 5:14-cr-00400-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

circumstances as may be relevant." Id.; United States v. Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003).

Here, the delay in summoning Defendant to federal court renders it appropriate to engage Barker test. As to the first factor, the court finds that the delay was lengthy. Moreover, after the Government knew of Defendant's custodial status and filed the complaint and subsequent indictment, it made no effort to file a criminal detainer as to the Defendant so as to alert him of the federal charge. This factor weighs in Defendant's favor, but only slightly, because length of delay is not a fixed moment. Indeed, delays of 22 and 26 months have been found not to violate a defendant's speedy trial right. See United States v. Gregory, 322 F.3d 1157 (9th Cir. 2003); see also United States v. Liersch, No. 04CR2521, 2006 U.S. Dist. LEXIS 98439, 2006 WL 6469421, (S.D. Cal. June 26, 2006).

As to the second factor, the court finds the delay may be described as grossly negligent since the Government was aware that Defendant was in state custody but neglected to take action. Defendant argued that in previous cases filed in this district, judges have commented that similar conduct by the Government may be suggestive of a pattern of not fulfilling the obligation to bring defendant to federal court in a timely manner. While such a conclusion could certainly be drawn under these circumstances, and while this court does suggest an ongoing dialogue to review the Government's protocol on this issue, there is no evidence of tactical advantage to the Government in this case. Defendant allegedly committed the charged offense at the time he also committed the state crimes, and neither witnesses nor other evidence were lost due to the delay. Thus, this factor, like the preceding one, weighs slightly in favor of Defendant but is not necessarily controlling for this analysis.

As to the third factor, the court finds that Defendant timely raised an objection and asserted his Sixth Amendment right. To that end, Defendant was granted several continuances with exclusions of time to allow his counsel to investigate and file this motion. Notwithstanding any delay these continuances caused, the potential prejudice from his state conviction had already materialized.

3
Case No.: 5:14-cr-00400-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

The fourth factor, which requires the court consider whether Defendant will experience actual prejudice by the delay, is the most controlling for this motion. Defendant argues that because of the delay, he now presents with an elevated criminal history category because his state conviction and sentence occurred subsequent to the complaint but prior to the indictment. As a result, Defendant contends he is now exposed to a potentially greater sentence in this case than he would have had the Government brought him to federal court in a timely manner.

Prejudice associated with a speedy trial violation has been identified as including oppressive pretrial incarceration, anxiety and concern by the accused, and the possibility that the accused's defense will be impaired. United States v. Beamon, 992 F.2d 1009, 1014 (9th Cir. 1993) (citing Doggett, 505 U.S. at 654). None of these potential bases for prejudice are present here. Defendant was not subjected to oppressive pretrial incarceration since Defendant was in custody for a state violation and conviction prior to being summoned to federal court. Any anxiety and concern is minimal since Defendant was already serving a multiple-year state prison sentence. The impact on the Defendant's defense is also minimal because the alleged federal offense was committed prior to his arrest on state charges, and, as noted, witnesses and evidence has not been lost. Notably, Defendant has not raised any other negative impact.

As to Defendant's argument that he now faces a greater sentence as a result of the delay, the court finds it potentially accurate but uncompelling. The United States Sentencing Guidelines are no longer mandatory and courts retain discretion at sentencing to either follow the guidelines or to depart or invoke a variance. See United States v. Booker, 543 U.S. 220, 245 (2005). The court can find that a particular criminal history category over-represents a defendant's record or history, and after hearing from counsel may depart from the guideline or apply a variance. Any potential sentence in the case is not fixed as Defendant suggests, but is subject to the discretion of the court. Accordingly, Defendant's articulation of prejudice is merely speculative, not actual.

In sum, the court finds that Defendant has not convincingly established actual prejudice such that the indictment must be dismissed.

### III. ORDER

Defendant's motion to dismiss the indictment is DENIED.

**IT IS SO ORDERED.**

Dated: March 22, 2016



EDWARD J. DAVILA
United States District Judge